# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PAMELA DAWN BEAUCHAMP, ) | |
| ) | |
| Petitioner, ) | |
| ) | 1:05CV01053 |
| v. ) | 6:94CR286-2 |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Petitioner Pamela Dawn Beauchamp, a federal prisoner, has brought a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to conspiring to possess with intent to distribute marijuana and to conspiring to launder money. (Docket nos. 24, 38 (criminal case).) The court sentenced her to 324 months in prison. (*Id*. docket no. 50.) Petitioner did not appeal. On April 8, 2003 the court granted the government's motion to reduce Petitioner's sentence from 324 months to 188 months. (*Id*. docket no. 62.)

Petitioner then filed the present motion. (Docket no. 1.)[1] She raises two grounds for relief, ineffective assistance of counsel and sentencing error. (*Id*. at 5.) Both grounds are based on the reasoning of the line of cases culminating in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005). Respondent has moved to dismiss the motion

---

[1] This and further citations to the record will be to the civil case unless otherwise noted.

because it is barred by the one-year statute of limitation of section 2255. (Docket no. 4.) Petitioner has submitted a response to the motion to dismiss. (Docket no. 5.) The matter is now before the Court for a ruling. *See* Rule 8, Rules Governing Section 2255 Proceedings.

The government requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255. The AEDPA amendments apply to all Section 2255 motions filed after its effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997).

Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999). The limitation period runs from the date when the judgment of conviction became final. Where a petitioner does not appeal his conviction, it becomes final when the ten-day notice of appeal period expires. *See* Fed. R. App. P. 4(b); *Clay v. United States*, 537 U.S. 522, 123 S. Ct. 1072, 155 L.Ed.2d 88 (2003). Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay*, 537 U.S. 522. A petition for a writ of certiorari is timely filed within 90 days after entry of judgment by the court of appeals. Sup. Ct. R. 13(1). If a petition for rehearing is timely filed in the court of appeals, the time to file the petition for

---

[2] A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. *Id.* R. 13(3). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The pendency of a Fed. R. Crim. P. 33 motion for a new trial does not toll the one-year period. *United States v. Prescott*, 221 F.3d 686 (4th Cir. 2000). Resentencing, or the possibility of resentencing, under Fed. R. Crim. P. 35(b) does not extend the date on which the conviction becomes final. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001).

Because Petitioner did not appeal, her conviction became final ten days after entry of judgment. *See Clay*, 537 U.S. 522. The court entered judgment on October 8, 1998. (Docket no. 50 (criminal case).) Her conviction became final on October 23, 1998. Petitioner's one year limitation period expired on October 23, 1999. Her motion dated November 21, 2005 is not timely under subsection one of section 2255. (Docket no. 1.) Only if another subsection gives her more time to file will her motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing her section 2255 motion. There is no showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is

-3-

Case 1:05-cv-01053-WLO-PTS   Document 7   Filed 05/12/06   Page 3 of 5

a writ of certiorari runs from the date of the denial of the petition for rehearing, or if granted, the subsequent entry of judgment. *Id.* R. 13(3). When a petitioner's judgment became final prior to the enactment of the AEDPA, the one year period expired on April 24, 1997. *See Hernandez v. Caldwell*, 225 F.3d 435, 439 (4th Cir. 2000). The pendency of a Fed. R. Crim. P. 33 motion for a new trial does not toll the one-year period. *United States v. Prescott*, 221 F.3d 686 (4th Cir. 2000). Resentencing, or the possibility of resentencing, under Fed. R. Crim. P. 35(b) does not extend the date on which the conviction becomes final. *United States v. Sanders*, 247 F.3d 139, 142-43 (4th Cir. 2001).

Because Petitioner did not appeal, her conviction became final ten days after entry of judgment. *See Clay*, 537 U.S. 522. The court entered judgment on October 8, 1998. (Docket no. 50 (criminal case).) Her conviction became final on October 23, 1998. Petitioner's one year limitation period expired on October 23, 1999. Her motion dated November 21, 2005 is not timely under subsection one of section 2255. (Docket no. 1.) Only if another subsection gives her more time to file will her motion be timely.

Subsection two requires an unlawful governmental action which prevented Petitioner from filing her section 2255 motion. There is no showing of such a governmental action. Therefore, subsection two does not apply.

Subsection three allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner is

relying upon the recent Supreme Court cases regarding the proof needed to enhance sentences. *Booker*, 543 U.S. 220; *Blakely v. Washington*, 542 U.S. 296, 124 S. Ct. 2531, 159 L.Ed.2d 403 (2004). Although the Supreme Court has now decided in *Booker* that the reasoning of *Blakely* does apply to the federal sentencing guidelines, the Fourth Circuit has recently held that *Booker* was a "new rule" of criminal procedure under *Teague v. Lane*, 489 U.S. 288, 109 S. Ct. 1060, 103 L.Ed.2d 334 (1989), but was not a "watershed rule," and therefore "is not available for post-conviction relief for federal prisoners, . . . , whose convictions became final before *Booker* (or *Blakely*) was decided."[3] *United States v. Morris*, 429 F.3d 65, 72 (4th Cir. 2005). Because Petitioner's conviction became final in 1998, and Booker was decided in 2005, it would have to be applied retroactively to benefit Petitioner. Therefore, reliance upon *Booker* and *Blakely* does not extend Petitioner's limitation period. Subsection three does not apply.

Subsection four allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner does not contend that she could not have discovered the facts by the time her judgment became final, and the court finds that she could have discovered the facts by this time. This subsection does not apply.

---

[3] The court also made clear that it is the date that *Booker* rather than *Blakely* was decided that controls the retroactivity analysis. 429 F.3d at 72 n.5 (citing *Lloyd v. United States*, 407 F.3d 608, 611 n.1 (3rd Cir.) (stating that date *Booker* issued is appropriate dividing line because *Blakely* reserved decision about the federal sentencing guidelines), *cert. denied*, 126 S. Ct. 288, 163 L.Ed.2d 253 (2005)).

Finally, Petitioner suggests that *Dodd v. United States*, __ U.S. __, 125 S. Ct. 2478, 162 L.Ed.2d 343 (2005), helps her case. (Docket no. 3) *Dodd* considered the issue of when the limitation period began to run where the case being relied upon was retroactively applicable. Because *Booker* is not retroactively applicable this question does not arise in this case, and *Dodd* does not help Petitioner.

Petitioner's motion is not timely under any subsection of section 2255. The motion should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (Docket No. 4) be granted, and that Petitioner's motion to vacate, set aside or correct sentence (Docket No. 1) be denied, and that this action be dismissed.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: May 12, 2006